IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT R. ABPLANALP,

          Plaintiff,

          vs.             )  Civil Action No. 10-297-E

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

O R D E R

AND NOW, this 27th day of February, 2012, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision, denying

plaintiff's claim for disability insurance benefits under Subchapter

II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the

Commissioner's findings are supported by substantial evidence and,

accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of

U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir.

1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert.

denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211,

1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942,

944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues, essentially, that some of the evidence relied upon by the Administrative Law Judge ("ALJ") in finding him to be not disabled was dated. Specifically, Plaintiff questions the ALJ's reliance on the RFC assessment by the state reviewing agent, Dr. Abu Ali, M.D., and on Plaintiff's own self-reported daily activities, both of which were from August of 2008. He argues that, as of the hearing in March of 2010, this information was no longer relevant because, based on his own testimony, his condition had worsened. This argument has no merit for several reasons.

First, as Defendant points out, the onset date claimed by Plaintiff was September 30, 2005. Information from August of 2008 was clearly within the relevant time period. Moreover, Plaintiff ignores the plethora of evidence in the record demonstrating that Plaintiff continued to engage in the same activities well beyond August of 2008. (R. 375-76, 378-79, 382-83, 433, 461, 480, 491-92). Indeed, contrary to Plaintiff's position, his testimony at the hearing demonstrated that he still engaged in a number of these activities. (R. 32-33, 35, 38). Further, Plaintiff points to no medical evidence that would demonstrate a relevant change in his condition from August of 2008 to the date of disposition, nor is there any such evidence in the record. The ALJ's reliance on the RFC determination and reported activities from 2008 was quite proper given this strong evidence of the continued validity of the evidence.

Most importantly, however, the ALJ did not rely solely on Dr. Ali's opinion or on Plaintiff's self-reported activities. Rather, the ALJ thoroughly discussed all of the evidence and clearly relied on the record as a whole, including evidence subsequent to August of 2008, in rendering her decision, a record that the Court notes contains no evidence inconsistent with her decision.

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record